**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

In the Matter of:

NICOLE R. MCGILL,
(Social Security No. ***-**-0949)

Debtor.
_____________________________/

Case No. 20:20-bk-09868-DPC
Chapter 7
Hon. Daniel P. Collins

MICHIGAN UNEMPLOYMENT
INSURANCE AGENCY,

Plaintiff,

v.

NICOLE R. MCGILL,

Defendant.
_____________________________/

Adversary Proceeding No.
20-            -DPC
Hon. Daniel P. Collins

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF DEBT AND FOR JUDGMENT**

The Michigan Unemployment Insurance Agency (Agency), by and through its attorneys, Dana Nessel, Attorney General, and Rebecca M. Smith, Assistant Attorney General, requests this Court rule that the Debtor's debt to the Agency is nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(7) and *Cohen v De La Cruz*, 523 U.S. 213, 220-221 (1998).

**JURISDICTION**

1. This action arises under 11 U.S.C. § 523 and is an Adversary Proceeding under Fed. R. Bank. P. 7001(6).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. This Adversary Proceeding relates to a Chapter 7 case, In the Matter of Nicole McGill, case no. 20:20-bk-09868-DPC, pending in the Bankruptcy Court for the District of Arizona.

4. This Court has jurisdiction to hear and decide this matter under 28 U.S.C. § 1334.

## GENERAL ALLEGATIONS

5. Plaintiff is an agency of the State of Michigan established by the Michigan Employment Security Act, Mich. Comp. Laws § 421.1, *et seq*.

6. Defendant, Nicole R. McGill, filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code in this Court on August 28, 2020.

7. The deadline for filing a Complaint for Dischargeability of a Debt is December 4, 2020.

8. McGill received unemployment benefits for the weeks ending April 3, 2010 through July 3, 2010.

9. In Administrative Determinations dated October 29, 2013, the Agency found that McGill was ineligible for unemployment benefits for the weeks listed in paragraph 8 because she was working full-time for Cellco Partnership. The Agency further found that McGill committed fraud by intentionally misleading and/or concealing information to obtain benefits she was not entitled to receive.

10. On May 30, 2017, the Agency conducted a rereview and affirmed the October 29, 2013 Administrative Determinations.

11. Mich. Comp. Laws § 421.48, provides in relevant part that a person is considered eligible for unemployment benefits during a period in which the person is not employed or where the individual's remuneration is less than the individual's weekly benefit rate.

12. Mich. Comp. Laws § 421.54(b), provides in relevant part that damages shall be double the amount of restitution if restitution is less than $500.00, and quadruple the amount of restitution if restitution is $500.00 or more.

13. Mich. Comp. Laws § 421.62(a), provides in relevant part that the Agency is entitled to recover improperly paid benefits.

14. The Administrative Redeterminations ordered restitution of $5,418.00 in overpaid benefits and in addition, assessed a statutory fraud penalty of $30,960.00 under Mich. Comp. Laws § 421.54 due to McGill's false representations and failure to disclose material facts, for a total of $36,378.00. (See Agency calculations, Exhibit A.)

15. The Agency has collected $0.00 from McGill. (See Exhibit A.)

**COUNT I – NONDISCHARGEABILITY DUE TO FRAUD PURSUANT TO 11 U.S.C. § 523(a)(2)**

16. The Agency re-alleges and incorporates herein the allegations contained in paragraphs 1 through 15.

17. Persons who receive unemployment benefits must, as a condition precedent to the receipt of benefits, certify biweekly to the Agency that during each week for which benefits are sought, they were unemployed; available for

employment, and seeking employment; or if they were employed, the amount of remuneration must be reported so that benefits may be adjusted.

18. McGill certified to the Agency that for each week she was a person who is receiving unemployment benefits, as a condition precedent to the receipt of benefits, and she was eligible for benefits.

19. The Agency paid unemployment benefits to Defendant in reliance on those certifications.

20. The Agency determined, in fact, McGill was ineligible for unemployment benefits because she was working full-time for Cellco Partnership.

21. The resulting debt to the Agency is nondischargeable under 11 U.S.C. § 523(a)(2) and *Cohen v De La Cruz*, 523 U.S. 213, 220-221 (1998), because McGill obtained the benefits by false pretenses.

**COUNT II – NONDISCHARGEABILITY AS A GOVERNMENTAL PENALTY PURSUANT TO 11 U.S.C. § 523(a)(7)**

22. The Agency re-alleges and incorporates herein the allegations contained in paragraphs 1 through 21.

23. The penalty portion of the debt is also nondischargeable as a governmental penalty under 11 U.S.C. § 523(a)(7).

24. The penalty portion of the debt in the amount of $30,960.00 was assessed pursuant to Mich. Comp. Laws § 421.54(b) which allows damages in double the amount of restitution if restitution is less than $500.00 and quadruple the amount of restitution if restitution is $500.00 or more.

25. This penalty portion of the debt is not compensation for actual pecuniary loss, as it is a damage award that is above and beyond the actual loss which was assessed as restitution. Mich. Comp. Laws § 421.54(b).

## DAMAGES

26. The Agency re-alleges and incorporates herein the allegations contained in paragraphs 1 through 25.

27. McGill is therefore indebted to the Agency in a nondischargeable debt in the amount of $5,418.00 in fraudulent overpaid benefits, $30,960.00 in statutory penalties, and $2,709.00 in interest, for a total debt of $39,087.00.

## CONCLUSION AND REQUEST FOR RELIEF

The Agency requests that this Court enter an Order as follows:

A. McGill's debt to the Agency in the amount of $39,087.00 is nondischargeable;

B. McGill owes the Agency $350.00 in court costs;

C. The Agency is entitled to a Judgment in the full amount of $39,437.00, together with all accrued interest; and

D. Such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Rebecca M. Smith*
Rebecca M. Smith (P72184)
Assistant Attorney General
Attorneys for Plaintiff
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-1950
Smithr72@michigan.gov

Dated: December 2, 2020